UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN BUAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AATRU MEDICAL, LLC,<br><br>　　　　　　Defendant. | Civil No. 23-3357 (JRT/TNL)<br><br>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

Jessica P. Hutchinson and Kevin R. Coan, **HINSHAW & CULBERTSON LLP**, 250 Nicollet Mall, Suite 1150, Minneapolis, MN 55401, for Plaintiff.

Deborah Jill Michelson, **BUCKLEY KING**, 600 Superior Avenue East, Suite 1400, Cleveland, OH 44114, and Joseph G. Schmitt, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for Defendant.

Plaintiff John Buan alleges his employer, Defendant Aatru Medical, LLC ("Aatru"), failed to pay his salary and reimburse business expenses for nearly one year. Because Buan plausibly alleges Aatru breached the employment contract and may plead unjust enrichment in the alternative, the Court will deny Aatru's motion to dismiss Counts I and II. At the same time, the Court will grant Aatru's motion to dismiss Count III (conversion) because Buan's wages are intangible, Count IV (civil theft) because there was no initial wrongful taking, and Counts V and VII because federal and state minimum wage requirements do not provide separate remedies for breaches of employment contracts.

**BACKGROUND**

Buan served as Aatru's Chief Technology Officer ("CTO") and performed a number of "key duties" in that role, including researching and developing one of Aatru's products, assembling a supply chain, and working with Aatru's patent attorney to secure a patent. (Def.'s Notice of Removal, Ex. 1 ("Compl.") ¶¶ 1, 6, 11, Nov. 1, 2023, Docket No. 1.) For nearly four years, Buan received his salary with no apparent issues. (*Id.* ¶¶ 1, 11, 15.) In fact, in January 2022, his salary increased from $173,000 to $240,000 per year, to be paid monthly. (*Id.* ¶¶ 11–12.) But beginning in October 2022, Aatru stopped paying Buan. (*Id.* ¶ 15.)[1] After ten months, Buan filed a written complaint for non-payment and Aatru responded by lowering Buan's salary to $684 per week. (*Id.* ¶¶ 20–21.) Buan acknowledges payment of $12,000 for August and September 2023 wages. (*Id.* ¶ 15.) But he still claims $228,000 in total unpaid wages. (*Id.* ¶ 23.) He also incurred $17,000 in business expenses which have not been reimbursed. (*Id.* ¶ 19.)

Buan originally filed his complaint in Hennepin County. (Notice of Removal at 1.) Aatru removed this action to federal court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. (*Id.*) Aatru now moves to dismiss Counts I–V and VII of Buan's complaint. (Mot. to Dismiss, Nov. 8, 2023, Docket No. 7.) Aatru does not challenge Counts VI (federal retaliation), VIII (prompt wage payment), and IX (Minnesota retaliation). (*Id.*)

---

[1] In its briefing, Aatru alleges it stopped paying Buan with Buan's agreement. It would be inappropriate to credit those unpled allegations in a Rule 12(b)(6) motion. Accordingly, the Court will treat Buan as any employee whose wages were withheld without consent.

## DISCUSSION

**I.  STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the Complaint as true to determine if the Complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court construes the Complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or mere "labels and conclusions or a formulaic recitation of the elements of a cause of action," *Iqbal*, 556 U.S. at 678 (quotation omitted). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

At the motion to dismiss stage, the Court may consider the allegations in the Complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the Complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## II. ANALYSIS

### A. Breach of Contract

Buan alleges that he was due $20,000 per month under his employment contract and Aatru did not pay for ten months. That contention states a plausible claim for breach. Aatru counters that the employment contract was for at will employment, and it was entitled to lower Buan's salary in August 2023. Both may be true. And Aatru would still need to answer for its breach of contract between October 2022 and August 2023.

Buan also claims that the failure to pay $17,000 of business expenses constitutes a breach. Aatru relies on the fact that the contract does not establish a timeline for reimbursing expenses, so it cannot have breached yet. But when a contract does not establish a payment deadline, payment is due "within a reasonable time." *See Veum v. Sheeran*, 104 N.W. 135, 137 (Minn. 1905). The Court need not determine the exact interval to deny this motion. For now, it is enough to reject the idea that the period was indefinite, and no cause of action could ever accrue. Accordingly, Buan plausibly alleges Aatru breached its contractual obligations to pay wages and reimburse expenses.

### B. Unjust Enrichment

Aatru does not dispute that Buan states the elements for unjust enrichment. It only asserts that Buan cannot prevail in equity because he brings claims for the same injury under contract and statute. But because Buan only pleads unjust enrichment in the alternative, the Court will deny Aatru's motion to dismiss Count II at this early stage of

litigation. *See* Fed. R. Civ. P. 8(a)(3); *Rock v. Rathsburg Assocs., Inc.*, No. 21-2717, 2022 WL 4450418, at *7 (D. Minn. Sept. 23, 2022).

### C. Conversion

The Court will dismiss Buan's conversion claim because conversion does not cover intangible goods such as unpaid wages. "Under Minnesota law, the tort of conversion is limited to willful interference with the personal property of another." *H.J., Inc. v. Int'l Tel. & Tel. Corp.*, 867 F.2d 1531, 1547 (8th Cir. 1989). Conversion claims apply only to tangible property. *See TCI Bus. Cap., Inc. v. Five Star Am. Die Casting, LLC*, 890 N.W.2d 423, 428–29 (Minn. Ct. App. 2017) (collecting cases). Thus, conversion is "viable with respect to money only if the money is in a tangible form . . . and is kept separate from other money." *Id.* at 429.[2] Extending conversion to unpaid wages would expand its common law roots without support from state authorities. As such, the Court will dismiss Count III.

### D. Civil Theft

The Court will also dismiss Buan's civil theft claim because Aatru withheld, rather than took, Buan's wages. Minn. Stat. § 604.14 imposes liability when an individual "steals" personal property from another. Importantly, there must be "some initial

---

[2] Buan claims that *TCI* did not resolve whether "a conversion claim is viable with respect to money only if the money is in a tangible form (such as a particular roll of coins or a particular stack of bills) and is kept separate from other money." *TCI*, 890 N.W.2d at 429. But in that statement, the *TCI* court was characterizing the extant state of Minnesota law. *Id.* The issue *TCI* refused to reach was whether to alter the common-law rule and expand conversion claims to cover intangible monetary transactions. *Id.* Accordingly, the rule remains that money must be tangible and held separately to be unlawfully converted.

wrongful act in taking possession of the property." *Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc.*, 896 N.W.2d 115, 126 (Minn. Ct. App. 2017), *aff'd*, 913 N.W.2d 687 (Minn. 2018); *see also Klucas v. M.H. Graff & Assocs.*, No. 20-762, 2020 WL 6275971, at *4 (D. Minn. Oct. 26, 2020) (employer's failure to pay an employment bonus was not civil theft because funds never left the employer's possession). Without an initial wrongful taking, Buan cannot sustain a claim for civil theft, so the Court will dismiss Count IV.

### E.     FLSA and MFLSA

Buan alleges that Aatru violated the Fair Labor Standards Act's ("FLSA") minimum wage provisions by paying him $0 beginning in October 2022. *See* 29 U.S.C. § 206.[3] Aatru counters that, for FLSA purposes, the Court should look to the agreed-upon $240,000 salary, even if unpaid. The Court agrees with Aatru.

By looking "to what an employee was owed, not what he actually received," courts defeat "efforts to transform contract actions into FLSA suits." *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1365 (11th Cir. 1997); *see Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1272 (11th Cir. 2016).[4] Dismissal is consistent with the statutory text,

---

[3] Because the parties analyze the Minnesota Fair Labor Standards Act concurrently with the FLSA, so too will the Court.

[4] *See also Donovan v. Agnew*, 712 F.2d 1509, 1517 (1st Cir. 1983) (when contractual obligations are not met, promised rather than paid rate governs FLSA inquiry); *Monin v. Quantierra Advisors LLC*, No. 21-612, 2022 WL 2002282, at *2–3 (S.D.N.Y. June 3, 2022) ("[P]laintiff is a highly paid worker who is attempting to use the FLSA to recover salary allegedly owed to her pursuant to an employment agreement. This is, in truth, a breach of contract action, not an FLSA action."); *Ayre v. Shiver*, No. 21-473, 2021 WL 3472655, at *1–2 (E.D.N.Y. Aug. 6, 2021) (same).

implementing regulations, and the "protective stance toward poorer and powerless workers that Congress took in the FLSA." *Nicholson*, 105 F.3d at 1365.  Buan's complaint alleges a wrong.  But that wrong comes from Aatru's breach of contract, not violation of labor laws enacted to protect a different class of workers than a CTO making six figures.

The parties also debate whether Buan was exempt from FLSA's minimum wage mandates as a bona fide executive, administrative, and/or professional employee.  That analysis is unnecessary.  At Buan's $240,000 salary, he would have to work more than 400 hours per week to dip below Minnesota's 2023 minimum wage of $10.59 for large employers.[5]  Thus, he fails to state a claim under FLSA regardless of whether he was exempt.  *Monin v. Quantierra Advisors LLC*, No. 21-612, 2022 WL 2002282, at *2 (S.D.N.Y. June 3, 2022) (forgoing exemption analysis in favor of an hourly rate calculation).

Ultimately, because Aatru promised to pay Buan $240,000, Aatru satisfied FLSA's minimum wage requirements regardless of whether it ultimately paid Buan.  Buan's remedy for nonpayment lies in contract, not labor law.  Accordingly, the Court will grant Aatru's motion to dismiss Counts V and VII of Buan's complaint.

---

[5] *See* Gideon Ondieki, Hared Mah, & Ender Kavas, *Minnesota Minimum Wage Report 2023*, Minn. Dep't Lab. & Indus. (Dec. 2023), https://www.dli.mn.gov/business/employment-practices/minnesota-minimum-wage-report-2023#:~:text=1%2C%202023%2C%20the%20Minnesota%20minimum,an%20hour%20for%20small%20employers.  That number jumps to over 600 hours per week under the federal $7.25 minimum wage.  *See* 29 U.S.C. § 206(a)(1)(C).

## CONCLUSION

Buan presents a viable claim for breach of contract and, in the alternative, unjust enrichment.  At the same time, he attempts to stretch certain statutory rights of action beyond their proper scope.  Accordingly, the Court will deny Aatru's motion to dismiss Counts I and II and grant as to Counts III, IV, V, and VII.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 7] is **GRANTED in part and DENIED in part** and Counts III, IV, V, and VII of Buan's complaint are **DISMISSED with prejudice**.

DATED:  May 23, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge